## BARBOUR v. THE STATE.

1. CRIMINAL PRACTICE: *Swearing jury.*
   Where the record fails to show that the trial jury in a felony case were sworn in that case, a judgment of conviction will be reversed.

ERROR to *Desha* Circuit Court.

Hon. J. M. PINNELL, Special Judge.

*L. A. Pindall*, for appellant:

Objected that he was indicted by the initial "F." Barbour alone, his name of Flournoy Barbour being well known.

Also, that the Court below permitted the State to prove that defendant had left the State.

Also, to admission of proof of his confessions, in that they were drawn from him by direct questions, while under arrest, without due warning that it would be used against him.

Also, to exclusion of evidence of threats made by deceased against defendant. They were admissible to show the condition of feeling on the part of deceased, from which the jury might be assisted in inferring the facts connected with the transaction. *Pitman* v. *State*, 22 *Ark.*, 354, 357 ; *Palmore* v. *State*, 29 *Ib.*, 249 ; *Stewart* v. *State*, 19 *Ohio*, 302, 306.

Defendant should have been allowed to prove that he had been told of the threats, to show that he had heard them.

Instructions given and refused, were argued without citations of authority.

*C. B. Moore*, *Attorney-General:*

It is too late here, after pleading to the indictment, to make the first objection to the use of the initial. There

was neither a wrong name, nor error in the name, nor was it wrong to allow the State to show that defendant fled the State, after being admitted to bail.

The confessions were freely made and competent. *Austin* v. *State*, 14 *Ark.*, 556 ; *Meyer* v. *State*, 19 *Ark.*, 156.

Uncommunicated threats were properly excluded. Defendant's declarations that he had been told of the threats were heresay evidence.

The burden, after proof of killing, devolved on defendand to show mitigating circumstances. *Gantt's Digest, sec.* 1252.

The instructions and verdict, on the whole, were right.

ENGLISH, C. J. Flournoy Barbour, the plaintiff in error, loosely indicted as *F.* Barbour, was arraigned, pleaded not guilty, tried by a jury, found guilty of murder in the second degree, as charged, and his punishment fixed at imprisonment in the penitentiary for eighteen years. A new trial was refused him, but the Court, of its own motion, reduced the time of imprisonment to nine years, and sentenced him for that period.

Passing over the points made and argued by his counsel here, in which there is nothing novel, there is a fault appearing of record, which we cannot overlook in a case involving liberty, and which is fatal to the judgment.

At the September term, 1880, of the Circuit Court of Desha county, the following record entry appears to have been made in this case :

"On this day comes the State, etc., and comes the defendant in custody, etc., and by his counsel, and being arraigned, entered his plea of not guilty to the charge in the indictment herein, and both parties announcing themselves ready for trial, it is ordered that a jury come ; whereupon come J. T. Truvalt," etc. [eleven others being named],

"twelve good and lawful jurors, of the body of Desha county, who were selected from the regular panel, in accordance with law, to try this cause, and the jury, after receiving the admonition of the Court, are allowed to separate until to-morrow morning at 9 o'clock."

On the next day the following entry appears :

"On this day comes the State, etc., and comes the defendant in custody, etc., etc., and also comes the jury heretofore empannelled, and all being present, this cause proceeds ; and after hearing the evidence adduced, arguments of counsel, and having received the instructions of the Court as to the law, the jury retired to consider their verdict," etc.

There is nothing in either of these entries, or any other entry appearing in the transcript, to show that the jurors were sworn.

The oath administered to the panel of twenty-four petit jurors, selected for a term of the Court, binds them in all civil cases tried by jury taken from such panel during the term. *Gantt's Digest*, sec. 3696–7. But in a felony case, like this, though the trial jurors be taken from the term panel, they must be specially sworn, as required by Sec. 1921 of the Digest. See also, Sec. 1898.

The record should show that the jurors were sworn. See *Anderson* v. *State*, 34 *Ark.*, 257, and cases cited.

Reversed and remanded for a new trial.